COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


DIRK WILLIAMS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0823-10-1               CHIEF JUDGE WALTER S. FELTON, JR.
                                                         NOVEMBER 29, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

Andrew G. Wiggin (Andrew G. Wiggin, P.C., on briefs), for
appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Dirk Williams ("appellant") was convicted by the Circuit Court of the City of Norfolk ("trial

court") of malicious wounding, in violation of Code § 18.2-51, and use of a firearm in the

commission of malicious wounding, in violation of Code § 18.2-53.1.  On appeal, appellant

contends that the trial court erred in ruling that it lacked jurisdiction to consider his motion to vacate

his convictions pursuant to Rule 1:1 and that it erred in finding that his convictions were not

obtained by extrinsic fraud or structural error.  For the following reasons, we affirm the judgment of

the trial court.

Because the trial court did not enter an order suspending or vacating the final conviction

orders within the 21-day requirement of Rule 1:1, the trial court lost jurisdiction to vacate and

reconsider appellant's convictions.  See Rule 1:1 ("All final judgments, orders, and decrees . . . shall

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.").

Appellant also contends that the trial court erred in finding no extrinsic fraud or structural error existed in appellant's trial that would permit a collateral attack on its final conviction orders. However, this Court did not acquire jurisdiction to address appellant's assertion of extrinsic fraud or structural error because appellant failed to timely file a notice of appeal from the August 13, 2010 order holding that there was no extrinsic fraud or structural error in appellant's trial for malicious wounding and use of a firearm in committing that felony. Rule 5A:6 ("[n]o appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree . . . counsel files with the clerk of the trial court a notice of appeal . . .").

Appellant's reliance on Code § 8.01-428(D)[1] as the basis of his motion to vacate the final orders of his March 29, 2010 convictions constituted an *independent* action. Because appellant's motion to vacate his March 29, 2010 convictions constituted an independent action, appellant was required to file a notice of appeal from the August 13, 2010 trial court order holding that no extrinsic fraud or structural error existed to allow a collateral attack of the final orders. Rule 5A:6. Accordingly, because appellant failed to note an appeal from the August 13, 2010 order, this Court did not acquire jurisdiction to determine whether the trial court erred in finding no extrinsic fraud or structural error existed to allow collateral attack of the final orders.

For the foregoing reasons, we affirm the rulings of the trial court.

Affirmed.

---

[1] Code § 8.01-428(D) authorizes circuit courts "to entertain at any time an independent action to relieve a party from any judgment or proceeding, . . . or to set aside a judgment or decree for fraud upon the court."